United States Court of Appeals,

Eleventh Circuit.

No. 95-8916.

In re LUMMUS DEVELOPMENT CORPORATION, Debtor.

LUMMUS CORPORATION, Plaintiff-Appellant,

v.

UNSECURED CREDITORS' COMMITTEE OF LUMMUS INDUSTRIES, INC. and
Michael P. Cielinski, Chapter 7 Trustee, Defendants-Appellees.

June 18, 1996.

Appeal from the United States District Court for the Middle
District of Georgia. (No. 4:95-CV-26-JRE), J. Robert Elliott,
Judge.

Before HATCHETT, Circuit Judge, HENDERSON, Senior Circuit Judge,
and MILLS[*], District Judge.

HATCHETT, Circuit Judge:

Appellant, Lummus Corporation (LC), appeals the district
court's decision concluding that the unambiguous language of an
Asset Purchase Agreement between LC and appellee, Lummus Industries
(LI), did not convey as an asset LI's right to collect a debt from
an intercompany loan made to Lummus Development Corporation (LDC),
a subsidiary of LI.

BACKGROUND

LI filed a Chapter 11 petition in bankruptcy court on November
3, 1992. At that time, LI owned interests in LDC, an eventual
Chapter 7 debtor. Prior to its bankruptcy, LI made numerous
intercompany loans to LDC, totalling $4.6 million in notes
receivable that LDC owed LI. In March of 1993, with bankruptcy

---

[*]Honorable Richard Mills, U.S. District Judge for the
Central District of Illinois, sitting by designation.

court approval, LI sold substantially all of its assets to LC. Thereafter, LC joined with two other creditors in filing an involuntary petition under Chapter 7 against LDC. The bankruptcy court entered an order for relief under Chapter 7 and appointed Michael Cielinski the Chapter 7 trustee of LDC. With the order of relief against it, LDC filed schedules listing LI as the holder of the notes receivable at issue in this case. Subsequently, both LC and LI filed proofs of claim to the notes receivable. The trustee intervened and filed objections to the proofs of claim that LC and LI filed to determine which of the two owned LDC's notes receivable.

On November 22, 1994, the bankruptcy court held a hearing to determine whether the Asset Purchase Agreement between LI and LC (the agreement) conveyed the notes receivable to LC. In an open court opinion, the bankruptcy court ruled that the unambiguous language and the plain meaning of the agreement did not transfer LI's right to collect the intercompany debt from LDC to LC. Because no ambiguity existed in the agreement, the bankruptcy court ruled that it could not extend the agreement's language to include the notes receivable in the assets that LC purchased from LI. Accordingly, the bankruptcy court concluded that the notes receivable remained an asset of LI.

On December 13, 1994, the bankruptcy court entered an order sustaining the trustee's objection to LC's proof of claim and overruling the trustee's objection to LI's proof of claim. On December 22, 1994, LC filed an appeal in the district court. The district court affirmed the bankruptcy court's decision finding

that the bankruptcy court did not err in concluding that the clear and unambiguous language of the agreement between LC and LI did not convey LI's right to collect the intercompany debt that LDC owed LI.  LC filed this appeal.

## CONTENTIONS

Appellant LC contends that LI failed to controvert evidence that both parties intended to transfer notes receivable as an asset under the agreement.  LC contends that if the language of the agreement did not convey the notes receivable, the omission resulted from a mutual mistake.  LC also contends that LI led LC to believe and rely to its detriment that the assets included the intercompany debt that LDC owed LI.  Appellees LI and Chapter 7 trustee Cielinski, on the other hand, contend the unambiguous language of the agreement sufficiently supports the district court's determination that LI did not transfer its right to the notes receivable.  Appellees contend no other extraneous documents can expand the unambiguous definition of the assets transferred in the agreement.

## ISSUE

We address the following issue:  whether the district court erred in affirming the bankruptcy court's decision concluding from the language of the Asset Purchase Agreement that LC did not purchase LDC's notes receivable from LI.

## DISCUSSION

We review the district court's decision affirming the bankruptcy court's factual findings under the clearly erroneous standard.  *In re Club Associates,* 951 F.2d 1223 (11th Cir.1992).

We review the district court's interpretation of the agreement as a conclusion of law *de novo.* *Georgia-Pacific Corp. v. Lieberam,* 959 F.2d 901 (11th Cir.1992). After a review of the record, we find that the unambiguous language and plain meaning of the agreement does not indicate that LI sold the notes receivable to LC. Under Georgia law, if the agreement contains unambiguous language, the court gives the language its plain meaning. *Georgia-Pacific Corp.,* 959 F.2d at 905 (citing *Hunsinger v. Lockheed Corp.,* 192 Ga.App. 781, 386 S.E.2d 537 (1989)). When we read the plain language of the agreement, we find that the notes receivable remained an asset of LI after the sale. *Resolution Trust Corp. v. Artley,* 24 F.3d 1363 (11th Cir.1994). The notes receivable against the LDC, amounting to over $4.6 million, constituted a material asset that would have been listed specifically in the agreement if both LI and LC intended to convey that interest to LC. Accordingly, the district court did not err in affirming the bankruptcy court's determination finding the agreement did not include the notes receivable as an asset.

## CONCLUSION

We conclude that the Asset Purchase Agreement between LC and LI did not transfer as an asset to LC, LI's right to collect the intercompany debt from LDC. Accordingly, we affirm the district court's judgment.

AFFIRMED.